Opinion for the court filed by Circuit Judge DYK, in which CLEVENGER,. Circuit Judge, joins.
DYK, Circuit Judge.
Joseph R. Gallegos petitions, for review of a final order of the Merit Systems Protection Board (“Board”).. The Board dismissed as untimely Gallegos’s petition for enforcement, of the settlement agreement that resolved his adverse action appeal in Gallegos v. Dep’t of Health & Human Services, Docket No. DA-0752-01-0157-1-1 (MSPB Mar. 23, 2001). The. Board also found that Gallegos did not establish good cause for untimely filing. We affirm.
BACKGROUND
Gallegos was employed by the Food and Drug Administration (“Agency”) as a Consumer Safety Officer during the period from 1980 to 2000. He was removed on November 25, 2000, on the ground that he refused to accept a job reassignment that required relocation. On December 14, 2000, Gallegos filed an appeal with the Board to challenge his removal by the Agency. In March 2001, Gallegos and the Agency entered into a settlement agreement (“Agreement”). The Agreement provided that Gallegos would withdraw his appeal with prejudice, and that the Agency would expunge from Gallegos’s Official Personnel File (“OPF”) and the Standard Form (“SF-50”) any indication that he was removed from his position. Instead, a revised SF-50 would indicate “a voluntary resignation.” J.A. 120. The Agreement also stated that Gallegos “will be provided with a copy of the revised SF-50 for inspection, and [Gallegos] will notify the Agency of any concerns within 15-days of receipt of the form.” Id.
The Board approved this settlement and noted that “[a]ny petition for enforcement [of the Agreement] must be filed 'within a reasonable period of time after you discover the asserted noncompliance.” Gallegos v. Dep’t of Health and Human Servs., Docket No. DA-0752-01-01571-1 (MSPB Mar. 23, 2001). This notice was consistent with 5 C.F.R. § 1201.182(a), which provides that a petition for enforcement of a settlement agreement must be filed “promptly.”
In October 2014, almost 14 years after the settlement, Gallegos alleges that he discovered a breach of the Agreement because his revised SF-50 indicated “Resignation ILIA,” which stands for “in lieu of involuntary action.” Gallegos argues that the use of this acronym violated the Agreement. He alleged that he had misplaced the settlement agreement, and he was only able to confirm the breach by obtaining a copy he received in response to a Freedom of Information Act request on April. 14, 2015.
On June 15, 2015, Gallegos filed a petition for enforcement of the settlement agreement with the Board. The adminis *1342 trative judge (“AJ”) noted that Gallegos’s petition appeared facially untimely. The AJ had ordered Gallegos to address the timeliness issue and to provide information as to when “he learned that his SF-50 regarding his resignation stated[] ‘Resignation ILIA.’ ” J.A. 12. Gallegos responded that he suspected the Agreement had been breached in October 2014 because of the ILIA designation, but that he had been using the SF-50 at issue since 2001. The AJ. concluded that Gallegos had received the revised SF-50 indicating “Resignation ILIA” 14 years ago, and determined that the petition was untimely because Gallegos did not establish good cause for the delay. Gallegos v. Dep’t of Health & Human Servs., Docket No. DA-0752-01-0157-C-1 (MSPB Sept. 17,2015).
On review, the Board affirmed the AJ’s finding that. Gallegos failed to establish that his petition for enforcement was timely filed. Gallegos v. Dep’t of Health & Human Servs., Docket No. DA-0752-01-0157-C-1, 123 M.S.P.R. 397 (MSPB Mar. 24, 2016). The Board also noted that “[t]o establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence.... We find the appellant’s failure to maintain a copy of the parties’ settlement agreement, as' well as his apparent failure to compare the SF-50 with the settlement agreement at the time he received the documents to be less than diligent.” J.A. 6.
Gallegos petitions for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).
Discussion
We must affirm the Board’s decision unless it is “(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial, evidence.” 5 U.S.C. § 7703(c).
,In his petition for review, Gallegos primarily argues that the timeliness issue should be resolved in his favor because the Agency engaged in fraud. We first address the standard for timeliness and then address Gallegos’s fraud allegations.
A petition for enforcement of a settlement agreement must be filed “promptly.” 5 C.F.R. § 1201.182(a). We have interpreted “promptly” to mean within a “reasonable time.” Poett v. MSPB, 360 F.3d 1377, 1381 (Fed. Cir. 2004). “The ‘reasonable time’ requirement for filing a petition for enforcement of a settlement agreement is conceptually similar to the defense of lach-es ... [where] the plaintiff [cannot] delay[] filing suit for an unreasonable and inexcusable length of time from the time he knew or reasonably should have known of his claim_” Id. at 1384. Here, Gallegos stated that he first noticed the notation “Resignation ILIA” in October 2014, but also that he had been using the SF-50 in question since 2001. Gallegos did not dispute that he had also received a copy of the Agreement when it was executed (though he later lost that copy).
Given that the Agreement specifically provided that Gallegos “will notify the Agency of any concerns within 15-days of receipt of the [revised SF-50] form,” we find no error in the Board’s conclusion that Gallegos did not exercise due diligence. “[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board’s discretion and this court will not substitute its own judgment for that of the Board.” Mendoza v. MSPB, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).
Gallegos alleges that good cause exists because the Agency engaged in fraud.
His first theory is that the Agency inappropriately altered his SF-50 after he. received a copy at the time of the settlement. There are discrepancies between his copy *1343 of the SF-50 and the one contained in his electronic OPF, but the AJ noted these minor typographic differences—slightly larger fonts, the presence or absence of dashes and parentheses, or stray spaces. None of these bears any connection to the authenticity of the “Resignation ILIA” designation on the SF-50.
Gallegos also alleges that even though the Agreement provided for a “voluntary resignation,” the Agency included “Resignation ILIA” on his SF-50 instead, and because he was not aware that the ILIA acronym stood for.“in lieu of involuntary action,” he was fraudulently induced into signing the Agreement. According to Gallegos, the Agency officials had a fiduciary duty to explain this acronym to him at the time of the Agreement. We disagree.
The Agreement explicitly placed the burden on Gallegos to review the SF-50, stating that Gallegos “will be provided with a copy of the revised SF-50 for inspection, and [Gallegos] will notify the Agency of any concerns within 15-days of receipt of the form.” J.A. 120. Furthermore, as the Board noted, Gallegos was represented by counsel when executing this settlement. Thus, Gallegos could have and should have inquired about the acronym at the time of receiving his revised SF-50. We find no error in the Board’s conclusion that Gallegos failed to establish good cause for his untimely filing.
AFFIRMED
Costs
No costs.-