# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER HARVEY HARE,
                Appellant,

      v.

NATIONAL CREDIT UNION
    ADMINISTRATION,
                Agency.

DOCKET NUMBER
PH-3443-14-0638-C-1

DATE: May 10, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Harvey Hare</u>, Abingdon, Maryland, pro se.

<u>Scott E. Schwartz</u>, Esquire, Alexandria, Virginia, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the compliance initial decision, which dismissed the appellant's petition for enforcement as untimely filed or, in the alternative, denied the petition on the merits. Generally, we grant petitions such as these only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review. Except as expressly MODIFIED to clarify that we do not apply the doctrine of equitable tolling under these circumstances, we AFFIRM the compliance initial decision.

## BACKGROUND

¶2    The appellant applied, but was not selected, for the CU-0580-13/14 Regional Lending Specialist position under Job Announcement Number RV-14-DEU-1049051, because the agency found that he failed to provide documentation demonstrating that he was entitled to veterans' preference. *Hare v. National Credit Union Administration*, MSPB Docket No. PH-3443-14-0638-B-1, Remand File (RF), Tab 21 at 121-31. Accordingly, the agency did not refer him to the selecting official for consideration. *Id.* He filed a Board appeal challenging his nonselection as violating his veterans' preference rights. *Hare v. National Credit Union Administration*, MSPB Docket No. PH-3443-14-0638-I-1, Initial Appeal File (IAF), Tab 1. The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction because the appellant failed to exhaust his administrative remedy with the Department of Labor (DOL). IAF,

Tab 12, Initial Decision. The appellant filed a timely petition for review of the administrative judge's decision, in which he submitted a July 16, 2014 DOL determination letter that concluded that his application failed to demonstrate his entitlement to veterans' preference. Petition for Review File, Tab 1 at 6. Based upon the receipt of this letter, the Board reversed the initial decision and remanded the appeal. *Hare v. National Credit Union Administration*, MSPB Docket No. PH-3443-14-0638-I-1, Remand Order (Oct. 8, 2014).

¶3 On remand, after holding a hearing, the administrative judge found that the appellant demonstrated that the agency violated his veterans' preference rights regarding the selection for the Regional Lending Specialist position and thus ordered the agency to reconstruct the hiring process. RF, Tab 25, Remand Initial Decision (RID) at 6-9. The administrative judge informed the appellant that the decision would become final on July 24, 2015, unless he filed a petition for review. RID at 11. He also informed the appellant that, if he believed that the agency did not fully comply with the Board's order, he could ask the Board to enforce its decision by filing a petition for enforcement and that such a petition must be filed no later than 30 days after the date of service of the agency's notice that it had complied with the initial decision. RID at 10.

¶4 On July 15, 2015, the agency informed the appellant that it had complied with the Board's order. *Hare v. National Credit Union Administration*, MSPB Docket No. PH-3443-14-0638-C-1, Compliance File (CF), Tab 4 at 43-44. Despite the administrative judge's notice regarding how to file a petition for enforcement, the appellant appealed to the U.S. Court of Appeals for the Federal Circuit on August 31, 2015, which the court interpreted as a challenge to the agency's reconstruction of the hiring process. *See Hare v. National Credit Union Administration*, 633 F. App'x 789, 790-91 (Fed. Cir. 2016). The court dismissed the petition for lack of jurisdiction, stating that the appellant was required to challenge the agency's compliance before the Board prior to appealing to the Federal Circuit. *Id.* at 791. The court also noted that the deadline for challenging

the agency's compliance had passed but stated that the Board could consider whether to accept the appellant's petition for enforcement "under its equitable tolling doctrine." *Id.*

¶5          On February 1, 2016, the appellant filed the instant petition for enforcement in which he challenges the agency's review of his application during the reconstructed hiring process, argues that he was entitled to 5 years of wages, and asserts that, although his petition was untimely, it should be deemed timely based upon the doctrine of equitable tolling. CF, Tab 1. The administrative judge dismissed the petition as untimely filed without good cause shown and without a showing of entitlement to equitable tolling or, alternatively, with a finding that the agency complied with the initial decision. CF, Tab 8, Compliance Initial Decision (CID).

¶6          The appellant has filed a petition for review, and the agency has filed a response in opposition to the appellant's petition and a cross petition for review.[2] Compliance Petition for Review (CPFR) File, Tabs 1-2, 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's petition for enforcement is untimely.

¶7          Pursuant to the Board's regulations, an employee must file a petition for enforcement within 30 days after the date of service of the agency's notice that it has complied with the Board's decision. 5 C.F.R. § 1201.182(a). The agency sent the appellant notice of its compliance on July 15, 2015. CF, Tab 4 at 43-44. Thus, the appellant's petition for enforcement was due no later than August 16, 2015.[3] *See* 5 C.F.R. § 1201.182(a). The appellant did not file his petition for

---

[2] The appellant has submitted evidence for the first time on review, including an August 15, 2015 complaint of retaliation, a September 2015 motion to amend his Federal Circuit brief with title 5 of the United States Code attached, and the January 21, 2016 Federal Circuit decision. CPFR File, Tab 1. This evidence is not new, and thus, we have not considered it. *See* 5 C.F.R. § 1201.115(d).

[3] The administrative judge stated that, because the appellant received the agency's notice of compliance, dated July 15, 2015, on July 17, 2015, the filing deadline should

enforcement until February 1, 2016.  CF, Tab 1.  Accordingly, his petition for enforcement was 171 days late.[4]

¶8        Nevertheless, in certain limited circumstances, the Board has found that a petition was timely when the appellant timely filed it in an incorrect forum.  *See generally Godesky v. Department of Health & Human Services*, 101 M.S.P.R. 280, ¶ 6 (2006) (finding that the appellant timely filed his Board appeal from an arbitrator's decision when he mistakenly filed with the Equal Employment Opportunity Commission).  However, the appellant did not appeal to the Federal Circuit until August 31, 2015, which was after the July 24, 2015 deadline for filing a petition for review as well as the August 16, 2015 deadline for filing a petition for enforcement.  CID at 10-11; CF, Tab 1 at 33-37.  Accordingly, we find no basis for finding that the appellant's petition was timely based upon his mistaken appeal to the Federal Circuit.

We do not apply the doctrine of equitable tolling.[5]

¶9        The appellant asserted below and on review that his petition for enforcement is timely based upon the doctrine of equitable tolling.  CF, Tab 1 at 4; CPFR File, Tab 1 at 11.  We are mindful of the Federal Circuit's statement in its decision regarding the possibility of applying the doctrine of equitable

---

be calculated from July 17, 2015.  CID at 5-6; CF, Tab 1, Tab 4 at 43-44.  However, pursuant to the Board's regulations, the filing deadline for a petition for enforcement is calculated from the date of service of the agency's notice of compliance, 5 C.F.R. § 1201.182(a), and thus, the filing deadline is calculated from July 15, 2015, the date that the agency sent the notice of its compliance to the appellant via commercial carrier.  Any error in this respect is harmless because the petition for enforcement was untimely based upon either date.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[4] To the extent that the appellant asserts that he intended to file a petition for review, even if we considered his filing as a petition for review, such a petition would be untimely by over 6 months.  RID at 11; CF, Tab 1; CPFR File, Tab 1 at 4; *see* 5 C.F.R. § 1201.114(e).

[5] We clarify the initial decision to the extent that the administrative judge analyzed equitable tolling and good cause for the appellant's delay together.  CID at 4-7.  Instead, as discussed, we find that the doctrine of equitable tolling is inapplicable.

tolling. *Hare*, 633 F. App'x at 791. However, as discussed below, we find that this doctrine does not apply to compliance cases, such as this one.

¶10    In certain instances, the Board considers whether to apply the doctrine of equitable tolling to a statutory deadline under which the filing period is suspended for equitable reasons. For instance, the Board has considered equitable tolling in individual right of action (IRA) appeals and Veterans Employment Opportunities Act of 1998 (VEOA) appeals to determine whether a case should be considered timely filed. *See, e.g.*, *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶¶ 9-12 (2014) (considering the doctrine of equitable tolling and finding that the appellant did not show a sufficient basis to toll the filing deadline of her IRA appeal pursuant to 5 U.S.C. § 1214(a)(3)(A)); *Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶¶ 17-18 (2012) (finding that the application of equitable tolling to waive the 60-day period for filing a written complaint with DOL was not appropriate); *Alegre v. Department of the Navy*, 118 M.S.P.R. 424, ¶ 17 (2012) (remanding a VEOA appeal to consider whether equitable tolling would render the appeal timely when the appellant had not filed his Board appeal within the statutory 15-day deadline after receiving notification from DOL). The Board considers whether to apply equitable tolling in these situations because the statutory basis for the deadlines in these appeals does not provide for waiving the time limit for good cause. *See* 5 U.S.C. §§ 1214(a)(3)(A), 3330a(a)(2)(A), (d)(1)(B); *Heimberger*, 121 M.S.P.R. 10, ¶ 9; *Alegre*, 118 M.S.P.R. 424, ¶ 17; 5 C.F.R. § 1209.5(b). Furthermore, these circumstances are limited to situations such as when an employee has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass or when an appellant has actively pursued his judicial remedies by filing a defective pleading during the statutory period. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).

¶11    When, as here, the Board is considering the appellant's petition for enforcement in a VEOA appeal, as opposed to the VEOA appeal itself, the Board

may apply its own regulations, as set forth in chapter II, subchapter A, part 1201 of title 5, to address procedural matters.  *See generally Marshall v. Department of Health & Human Services*, 587 F.3d 1310, 1314-15 (Fed. Cir. 2009).  Under these regulations, instead of considering equitable tolling, the Board considers whether the appellant's petition was timely filed or whether there was good cause for the delay.  5 C.F.R. § 1201.182(a).

¶12        Further, even if we considered the applicability of the doctrine of equitable tolling, we would find it inapplicable here.  The administrative judge informed the appellant of the appropriate deadline for filing a petition for enforcement and there is no evidence that the agency or the administrative judge induced or tricked the appellant regarding the filing deadline.  RID at 10.  Accordingly, even if we did consider the doctrine of equitable tolling, we would find no basis for waiving the deadline in this case.

The appellant has not shown good cause for the delay in filing his petition for enforcement.

¶13        If an appellant files his petition for enforcement more than 30 days after the date of service of the agency's notice that it has complied with the Board's decision, he must submit a statement and evidence showing good cause for the delay and request an extension of time for filing the petition.  *Vargo v. U.S. Postal Service*, 78 M.S.P.R. 66, 71 (1998); 5 C.F.R. § 1201.182(a); *see Gallegos v. Merit Systems Protection Board*, 844 F.3d 1340, 1342-43 (Fed. Cir. 2016) (affirming the Board's finding that the appellant did not establish good cause for the untimely filing of his petition for enforcement of a settlement agreement).  To establish good cause for the untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine if an appellant has shown good cause, the Board will consider the following:  (1) the length of the delay; (2) the reasonableness of his excuse and his showing of due diligence; (3) whether he is proceeding pro se; and

(4) whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition for review. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014); *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶14    As the administrative judge properly found, the delay in this case was lengthy. CID at 5-6. Specifically, the appellant's petition for enforcement was 171 days late and he did not request an extension of time to file his petition. 5 C.F.R. § 1201.182(a); CF, Tab 1, Tab 4 at 43-44. Accordingly, this factor weighs heavily against finding good cause for the delay. *See, e.g.*, *Dean v. U.S. Postal Service*, 100 M.S.P.R. 556, ¶ 5 (2005) (finding that a delay of 6 months is not minimal).

¶15    The appellant attempts to excuse his delay by arguing that he did not receive the agency's notice of compliance until July 17, 2015, at which point he attempted to contact DOL to seek advice. CPFR File, Tab 1 at 5. He asserts that, because DOL did not contact him until after July 24, 2015, he only had minimal time to comply with the deadline for filing a petition for enforcement. *Id.* at 11. He further argues that he decided to appeal to the Federal Circuit because the filing deadline there was longer than the Board's deadlines. *Id.* He also asserts that the agency's "late compliance" with the initial decision left him with only a few days to file a petition for review. *Id.* at 6.

¶16    Even assuming that the appellant did not receive the agency's notice of compliance until July 17, 2015, and that he did not receive DOL's advice until July 24, 2015, he still had several days to file a petition for enforcement or to request an extension. Thus, these excuses are not persuasive and do not justify the fact that he did not file a petition for review or request an extension of time, should he have wished to do so. Furthermore, we agree with the administrative judge that the initial decision ordered the agency to reconstruct the hiring process

within 30 days of its issuance on June 19, 2015, and that, because the agency submitted its compliance letter prior to the July 20, 2015 due date on July 15, 2015, it was not late in complying with the order. CID at 10; CF, Tab 4 at 43-44; *see* 5 C.F.R. § 1201.182(a). Consequently, to the extent any late compliance by the agency could possibly have confused the appellant, there was no such issue in this case. Furthermore, to the extent that the appellant attempts to justify his late filing because he appealed instead to the Federal Circuit, we find that this is inconsistent with the clearly delineated instructions in the initial decision for challenging compliance, and thus we do not find that this is a reasonable excuse. CID at 10.

¶17 We also agree with the administrative judge that the appellant has shown no unavoidable casualty or misfortune that prevented him from filing on time. CID at 7. Moreover, although we recognize that the appellant is pro se, we find that, because the initial decision clearly informed him about the relevant deadlines, he should have known when to file his petition. *Brame v. Department of Veterans Affairs*, 98 M.S.P.R. 224, ¶ 5 (2005) (stating that, although the appellant's pro se status was a factor weighing in her favor, it was insufficient to excuse her untimeliness). Thus, we find that the appellant failed to establish good cause for the untimely filing of his petition for enforcement.

The appellant has not otherwise demonstrated a reason for disturbing the initial decision.

¶18 Next, we find that the appellant has not shown that the administrative judge was biased. CPFR File, Tab 1 at 5. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 13 n.4 (2016). The appellant's general allegations do not rise to this level. We also find that, although the appellant challenges the administrative judge's failure to process his appeal in 120 days, any such delay does not provide a reason for disturbing the

initial decision because it did not prejudice his substantive rights.[6]  CPFR File, Tab 1 at 5; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

<u>The agency's cross petition for review provides no reason for disturbing the initial decision.</u>

¶19      Finally, the agency, in its cross petition for review, opposes the administrative judge's prior finding that it was obligated to permit the appellant to supplement his application after the vacancy closing date.  CPFR File, Tab 4; RID at 9.  This argument does not provide a basis for disturbing our finding that the appellant's petition for enforcement was untimely, and thus it is not necessary to address it.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following

---

[6] We agree with the administrative judge that, even if the appellant's petition for enforcement was timely, it would otherwise have been denied.  Contrary to the appellant's arguments, the administrative judge was not required to compare his application to that of other applicants or to allow him to prove his finance qualifications, and we agree that the agency did not improperly overlook or exclude his experiences.  CID at 10; CPFR File, Tab 1 at 5-7; *see Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 9 (2014) (finding that the agency properly considered the totality of the appellant's experiences in determining that he was not qualified for a position), *aff'd*, 818 F. 3d 1361 (Fed. Cir. 2016).  The appellant has not otherwise provided a reason for disturbing the administrative judge's finding that his petition for enforcement would have been denied.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.